[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Issue:
Whether a charge for failing to maintain minimum insurance, based upon the citation designating an individual rather than the corporation that owned the vehicle can be dismissed.
Facts Argument:
According to Connecticut General Statutes § 14-213b, "no owner . . . is permitted to operate a passenger or combination or commercial vehicle without minimum insurance coverage." The penalties for the first violation of this statute are the suspension of the vehicle's registration and suspension of the owner's operators license, if any, with a fine from one hundred dollars to one thousand dollars.
Mr. Daniel Allen was cited on May 15, 1999 for failure to CT Page 14633 maintain minimum insurance on his vehicle. The vehicle is owned and registered to AAA Plumbing Heating, Incorporated. Mr. Allen maintains that since the vehicle is owned by the corporation then he could not be penalized for this violation.
The basic issue is the ownership of the vehicle. According to Connecticut General Statutes § 14-1 § (56), an owner is defined as any person holding title to a motor vehicle, or having the legal right to register the same and according to § (61), a person is defined as any individual, corporation, etc. According to these definitions the corporation is the rightful owner of the vehicle.
The issue developed due to an inherent problem with the actual language of the statute. In 1994 the statute was amended to include commercial and combination vehicles. When the legislature amended the statute it attempted to close a loop hole by requiring insurance for commercial and combination vehicles. The legislature did not foresee separate penalties for commercial and combination vehicles.
According to Connecticut General Statutes § 53a-27 a violation is an offense for which the only sentence authorized is a fine . . . unless designated as an infraction. Although Mr. Allen is only charged with a violation, that violation also carries with it suspension of his operator's license. The combination of the fine and suspension creates a substantial penalty, i.e. akin to criminal liability.
According to case law, "as principle of statutory construction requires that a statute that imposes criminal liability should be strictly construed and that ordinary ambiguities should be resolved in favor of the defendant." Statev. Valinski, 53 Conn. App. 23, 731 A.2d 311 (1999) citing Statev. Harrell, 238 Conn. 828, 832, A.2d 944 (1996). This makes it clear that Mr. Allen cannot be penalized for a violation that belongs strictly to the corporation.
The motion is granted. Mr. Allen cannot be held personally liable since, he is not the record owner of the vehicle
Owens, J. CT Page 14634